# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Arizona Alliance for Retired Americans, *et al.*,
   Plaintiffs-Appellees,
 v.

Kristin K. Mayes, in her official capacity as Attorney General for the State of Arizona,
   Defendant-Appellant,
 and
Yuma County Republican Committee,
   Intervenor-Defendant-Appellant,
 and
Adrian Fontes, in his official capacity as Secretary of State for the State of Arizona, *et al.*,
   Defendants.

No. 22-16490

## MOTION FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 27, the United States respectfully moves for leave to participate in oral argument, with the United States requesting ten minutes of argument time. Counsel for appellants has stated that appellants do not consent to the United States' using any of appellants' allotted thirty minutes for argument but would not object to the Court's expanding argument and granting the United States the additional time. Counsel for appellees has stated that appellees consent to participation of the United States on the condition that the United States' argument time come from appellants' allotted time but do not consent

to granting the United States additional time and oppose enlarging the length of argument. In support of this motion, the government states the following:

**1.** Plaintiffs are "three political nonprofit organizations" who brought this suit to challenge the lawfulness of an Arizona statute that, as relevant here, permits a county recorder to cancel a voter's registration if the recorder confirms that the voter has registered in a different county. Op. 9-10. The district court granted a preliminary injunction prohibiting enforcement of that provision. *See* Op. 11. On appeal, a divided panel of this Court vacated that portion of the preliminary injunction on the ground that plaintiffs lacked standing. *See* Op. 24-26. In reaching that conclusion, the panel held that the Supreme Court's recent decision in *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2004), abrogated a line of this Court's cases that have allowed organizations to establish standing by diverting "resources in response to a policy." Op. 18; *see also* Op. 22-23.

Plaintiffs filed a petition for rehearing en banc, which focused on the question whether the panel properly concluded that this Court's previous organizational standing precedents are irreconcilable with *Alliance for Hippocratic Medicine*. This Court granted the petition for rehearing en banc and vacated the panel opinion. The United States then filed, with leave of the Court, a brief as amicus curiae in support of appellants. The Court has now set oral argument for the afternoon of June 25 and has allotted 30 minutes of argument time per side.

**2.** The United States now respectfully moves for leave to participate in oral argument. The government in particular requests that the Court allot it ten minutes of argument time.

As the United States explained in filing its amicus brief, the United States has a substantial interest in the question presented in plaintiffs' en banc petition. As a general matter, the United States has a substantial interest in the proper application of Article III's requirements for standing to sue in federal court and has thus repeatedly participated in oral argument as amicus in such cases. *See, e.g., TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021); *Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021); *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016).

More specifically, the United States is frequently a defendant in suits brought by organizational plaintiffs that rely on diversion-of-resource theories similar to the theory invoked by plaintiffs in this case to establish standing. As one example, the Food and Drug Administration was the defendant in *Alliance for Hippocratic Medicine*, the recent Supreme Court case rejecting a diversion-of-resources theory that formed the basis of the panel's opinion. And as another example, the panel dissent suggested that the theory of standing advanced by plaintiffs here is materially identical to a theory that this Court previously accepted in permitting entities that provided legal services to challenge immigration regulations issued by the federal government. *See* Op. 61-62 (Nguyen, J., dissenting in part) (citing *East Bay Sanctuary Covenant v. Trump*, 932 F.3d 742 (9th Cir. 2018)).

3

In light of these federal interests and experience, the United States' amicus brief filed in this case explained at length the federal government's view regarding how Supreme Court precedent applies to plaintiffs' theory of organizational standing. And the United States' amicus brief further drew on this experience to explain how diversion-of-resources theories of standing, like those advanced by the organizational plaintiffs here, subvert ordinary standing principles. We respectfully suggest that the United States' perspective as a frequent litigant in cases involving these issues could be of assistance to the Court at oral argument.

3. Counsel for appellants has stated that appellants do not consent to the United States' using any of appellants' allotted thirty minutes for argument but would not object to the Court's expanding argument and granting the United States the additional time. Counsel for appellees has stated that appellees consent to participation of the United States on the condition that the United States' argument time come from appellants' allotted time but do not consent to granting the United States additional time and oppose enlarging the length of argument.

Respectfully submitted,

YAAKOV M. ROTH
  *Acting Assistant Attorney General*

DANIEL TENNY

*s/ Sean R. Janda*
SEAN R. JANDA
*Attorneys, Appellate Staff*
*Civil Division, Room 7260*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, D.C. 20530*
*(202) 514-3388*

May 2025

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 783 words, according to the count of Microsoft Word.

*s/ Sean R. Janda*
Sean R. Janda