

250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001

June 23, 2025

**VIA CM/ECF**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119

    Re:    Notice of Supplemental Authority in *Arizona Alliance for Retired Americans v. Kristin K. Mayes*, No. 22-16490
En Banc Argument: June 25, 2025
Before: Murguia, Chief Judge, and Callahan, Ikuta, Bennett, R. Nelson, Bress, VanDyke, Sung, H.A. Thomas, Desai, and Johnstone, Circuit Judges

Dear Clerk Dwyer:

    Pursuant to Rule 28(j), Appellees notify the Court of the Supreme Court's ruling in *Diamond Alternative Energy, LLC v. EPA*, No. 24-7 (June 20, 2025). *Diamond* held that fuel producers had standing to challenge the EPA's approval of California regulations imposing fuel-related requirements on automakers. This decision reinforces that Appellees have standing here. *See* Pet. for Reh'g En Banc 2-3; 16-20.

    *First*, *Diamond* makes clear that the Article III causation analysis is a flexible, commonsense inquiry. Even where a plaintiff is not directly regulated by a challenged law, causation exists where the law will have "predictable" effects on the plaintiff based on "commonsense inferences." *Diamond*, slip op. at 9, 14. Thus, the fuel producers' injury was traceable to regulations requiring *automakers* to manufacture more electric vehicles and fewer gasoline-powered vehicles. *Id.* at 14. It was enough that "a predictable chain of events" would harm the fuel producers, even though such harm was "not … certain." *Id.* at 18, 22. It is similarly

predictable that a law increasing the risk that a voter's registration will be cancelled will harm voter registration organizations—perceptibly impairing their ability to provide core voter registration services. The panel nonetheless rigidly held Appellees to a heightened causation standard, Maj. Op. 24-29, that ignored the predictable effects of a provision that "through [its] normal operation" would cancel a "voter's most recent and legitimate registration," Dissent 53.

*Second*, *Diamond* stressed that discerning the "object" of a regulation is not a mechanical exercise, as governments "may not target a business or industry" and then evade suit by claiming such targets are merely "unaffected bystanders." *Diamond*, slip. op. at 23. While the regulations in *Diamond* formally regulated automakers, the fuel producers might also be considered the "object" of the regulations because those regulations sought to restrict the use of fuels in automobiles. *Id.* at 12. This dynamic "highlights how the government might seek to indirectly target a product or service … in addition to regulating it directly." *Id.* at 13. Here, too, a voter registration organization can be considered the object of a law regulating voters and election officials.

Respectfully submitted,

/s/ *Aria C. Branch*
Aria C. Branch
Counsel for Appellees

2

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify, in accordance with Rule 28(j) of the Federal Rules of Appellate Procedure, that this letter complies with the type-volume requirements and that the body of the letter contains 349 words.

I hereby certify that I electronically filed the attached document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on June 23, 2025.

/s/ *Aria C. Branch*
Aria C. Branch