

250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001

June 24, 2025

**VIA CM/ECF**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119

    Re:    Response to Notice of Supplemental Authority
*Arizona Alliance for Retired Americans v. Kristin K. Mayes*,
No. 22-16490
En Banc Argument: June 25, 2025
Before: Murguia, Chief Judge, and Callahan, Ikuta, Bennett, R. Nelson, Bress, VanDyke, Sung, H.A. Thomas, Desai, and Johnstone, Circuit Judges

Dear Clerk Dwyer:

      The Attorney General's improper notice cites two out-of-circuit cases that have no bearing on this case or this Circuit's standing precedents.[1] In *Deep South Center for Environmental Justice v. EPA*, the Fifth Circuit held that an environmental advocacy group lacked organizational standing to challenge certain EPA rules. *See* 138 F.4th 310, 318 (5th Cir. 2025). The group alleged only "'a setback to [its] abstract social interests,' which has never sufficed to confer standing." *Id.* No part of the court's holding turned on *FDA v. Alliance for Hippocratic Medicine*—the alleged injuries did not suffice "[e]ven before *Alliance*." *Id.* The court's suggestion that "Article III requires 'direct

---

[1] Rule 28(j) notices must be filed "as soon as possible" and "at least 7 days" before scheduled oral argument when practical. Circuit Rule 28-6, Advisory Committee Note. The Attorney General offers no excuse for citing cases—issued 34 and 19 days ago—on the eve of argument.

interference,'" *id.* at 319, is puzzling—that phrase appears **nowhere** in *Hippocratic Medicine*. *See id.* at 327 (Graves, J., concurring). *Hippocratic Medicine* explained merely that organizations *can* establish standing where challenged conduct "directly affect[s] and interfere[s] with [their] core business activities." *Hippocratic Medicine*, 602 U.S. 367, 395 (2024). Organizations otherwise satisfy standing the same way individuals do. *See id.* at 393-94.

The Sixth Circuit's decision in *Tennessee Conference of the NAACP v. Lee* also does not help Appellants. *See* 2025 WL 1587965 (6th Cir. June 5, 2025). That decision recognized "that organizations can sometimes have standing to challenge a government action that does not regulate them." *Id.* at *6. But the court then found NAACP failed to prove its standing at summary judgment based on "fact-specific grounds." *Id.* at *7. In contrast, Plaintiffs here *did* provide sufficient factual grounds that the Cancellation Provision perceptibly impairs their voter registration activities. Doc.64 at 4-9 (citing record excerpts). Finally, whereas the Sixth Circuit remanded the case for possible supplementation of the record, 2025 WL 1587965, at *9, the panel here strayed from Ninth Circuit practice by remanding without any prospect of further developing jurisdictional facts. *See* Dissent 55-58, Doc.84.

                                        Respectfully submitted,

                                        */s/ Aria C. Branch*
                                        Aria C. Branch
                                        Counsel for Appellees

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify, in accordance with Rule 28(j) of the Federal Rules of Appellate Procedure, that this letter complies with the type-volume requirements and that the body of the letter contains 349 words.

I hereby certify that I electronically filed the attached document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on June 24, 2025.

/s/ *Aria C. Branch*
Aria C. Branch